## UNITED STATES COURT OF CLAIMS

| | |
|---|---|
| Joshua J. Angel, on behalf of himself and all others similarly situated,<br><br>                   Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF TREASURY<br>1500 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, D.C. 20220,<br><br>                   Defendant. | Case No.: 20-737C<br>(Chief Judge Sweeney) |

**PLAINTIFF'S UNOPPOSED MOTION TO TEMPORARILY SUSPEND BRIEFING ON PLAINTIFF'S MOTION FOR A CONTINUATION TO PERMIT DISCOVERY**

Joshua J. Angel
Joshua J. Angel PLLC
2 Park Avenue
New York, New York 10016
Telephone: 917-710-2107
Email: joshuaangelnyc@gmail.com
*Plaintiff*

Pursuant to Rules 6(b), 6.1, and 7 of the Rules of the United States Court of Federal Claims (RCFC), Plaintiff, Joshua J. Angel, respectfully requests that this Court temporarily suspend briefing on Plaintiff's motion for a continuance to permit discovery (ECF # 10) until after the Supreme Court of the United States issues its decision in *Mnuchin v. Collins*, No. 19-563, and *Collins v. Mnuchin*, No. 19-422 (collectively, "*Collins*").[1] As explained below, good cause exists to grant such relief. No previous request has been filed seeking the suspension of briefing on Plaintiff's motion for a continuance to permit discovery.[2] Counsel for Defendant consents to the relief requested.[3]

## PROCEDURAL HISTORY

Plaintiff commenced this action on June 8, 2020, seeking redress for Defendant's quarterly instructions to the respective directors of the GSEs *not to seek Treasury's consent to declare dividends to the holders of Junior Preferred Shares*. *See generally* ECF # 1 ("Complaint"). To be clear, the Complaint does not challenge the legality of the Third Amendment. Instead, Plaintiff challenges Defendant's conduct, relating to Defendant's administration of the Third Amendment, that was in violation of the Junior Preferred CODs and Defendant's Implicit Guaranty thereof.

On August 18, 2020, Defendant filed its motion to dismiss the Complaint for: (i) lack of subject matter jurisdiction based on the statute of limitations under the Tucker Act; and (ii) failure to state a claim upon which relief may be granted. *See generally* ECF # 7. Although Plaintiff does

---

[1] Capitalized terms used herein, unless otherwise noted, have the same meaning ascribed to them in Plaintiff's motion for a continuance to permit discovery (ECF # 10) and/or the Complaint (ECF # 1).

[2] One previous request seeking enlargement of time for Defendant to respond to Plaintiff's motion for a continuance to permit discovery was previously filed. The Court granted that request and extended Defendant's time to respond by 29 days (until October 30, 2020).

[3] The parties propose that within thirty (30) days after the Supreme Court issues its decision in Collins, the parties will submit a joint status report to the Court proposing further proceedings.

not challenge the legality of the Third Amendment, Defendant contends, among other things, that Plaintiff's claims are time-barred because they were not brought within six years of the Third Amendment.

On September 17, 2020, Plaintiff filed a motion for a continuation to permit discovery (ECF # 10). On September 18, 2020, the Court stayed further consideration of Defendant's motion to dismiss "until further order of the court." ECF # 11.[4] Thereafter, the Court granted Defendant's unopposed motion for an extension of time, until October 30, 2020, to file its response to Plaintiff's motion for a continuance to permit discovery. ECF # 13.

## THE *COLLINS* ACTION

The *Collins* case now before the Supreme Court is one of many cases filed in district courts seeking to invalidate the Third Amendment on various grounds, including whether the FHFA exceeded its statutory authority when it agreed to the Third Amendment, and whether FHFA itself was unconstitutionally structured. U.S. Pet., *Mnuchin v. Collins*, No. 19-563 (S.Ct.). In addition, the government has asked the Supreme Court to revisit the Fifth Circuit's holding that FHFA retains its government character when it acts as a conservator. *See* U.S. Opp., Collins v. Manuchin, No. 19-422 (S.Ct.). As a result, the Supreme Court is likely to address these and other statutory and constitutional challenges to the Third Amendment when it renders its decision in *Collins*. Oral argument is scheduled for December 9, 2020.

## ARGUMENT

As noted above, Plaintiff is seeking redress for Defendant's breach of contract and breach of the covenant of good faith and fair dealing based on Defendant's quarterly instructions to the

---

[4] The parties agree that the present motion does not seek to alter the Court's Order (ECF # 11) suspending briefing relating to Defendant's motion to dismiss.

respective directors of the GSEs *not to seek Treasury's consent to declare dividends to the holders of Junior Preferred Shares*. *See generally* ECF # 1 ("Complaint"). To be clear, the Complaint does not challenge the legality of the Third Amendment. Instead, Plaintiff challenges Defendant's conduct, relating to Defendant's administration of the Third Amendment, which was in violation of the Junior Preferred CODs and Defendant's Implicit Guaranty thereof.

In resolving the statutory and constitutional challenges raised in *Collins*, the Supreme Court is virtually certain to decide one or more issues that may impact this Court's resolution of Plaintiff's motion for a continuation and/or Defendant's motion to dismiss. In fact, a key issue to be resolved in *Collins* is whether the FHFA is constitutionally structured and if not, whether FHFA lacked the authority to enter into the Third Amendment in the first place.

In the Complaint here, Plaintiff does not contest the legality of the Third Amendment, but Plaintiff has asserted, *inter alia*, that the GSE Junior Preferred Shares are covered by a federal government Implicit Guaranty of timely payment of declared dividends, which is contractually binding by reason of, among other things, the use of the Implicit Guaranty in marketing the Junior Preferred Shares. *See generally* Complaint (ECF # 1). Defendant disputes this. However, as pointed out by the Court-Appointed Amicus Curiae in *Collins* the Implicit Guaranty is one of reasons why the FHFA is structured correctly:

> 1. The GSEs re not ordinary businesses. Fannie and Freddie, for example, enjoy exemptions from regulation and taxation …, and special borrowing rights from Treasury …. Before the housing crisis, the Congressional Budget Office valued such 'subsidies' at billions of dollars. … In fact, because "[m]ost purchasers of the GSEs' debt securities believe that this debt is implicitly backed by the U.S. government,' the subsidy may be worth 'between \$122 and \$182 billion.' … Without these 'special privileges,' Fannie and Freddie could well 'be forced out of business."

Brief for Court-Appointed Amicus Curiae, pp. 27-28.

Moreover, at a minimum, the Supreme Court decision in *Collins* should help to narrow discovery and other issues likely to arise here.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this unopposed motion and temporarily suspend briefing relating to Plaintiff's motion for a continuance to permit discovery (ECF # 10) until after the Supreme Court issues its decision in *Collins*.

Date: October 26, 2020                                          Respectfully submitted,

                                                                               s/ Joshua J. Angel
                                                                               Joshua J. Angel
                                                                               Joshua J. Angel PLLC
                                                                               2 Park Avenue
                                                                               New York, New York 10016
                                                                               Telephone: 917-710-2107
                                                                               *Plaintiff*